Joseph A. Lara, Esq. (SBN 303802)
[joe@blg.legal]
**BUSINESS LAW GROUP, PC**
906 Sycamore Ave., Suite 100
Vista, CA 92081
(760) 431-7771 Telephone
(760) 431-1116 Facsimile

Attorneys for Plaintiff
Brad Rogers

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD ROGERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZA GROUP, INC., a Florida corporation f/k/a THE AUTOMOTIVE RESOURCE NETWORK HOLDINGS, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: '20 CV0412 CAB LL<br><br>**COMPLAINT FOR**<br>1. **BREACH OF CONTRACT**<br>2. **INTENTIONAL MISREPRESENTATION**<br>3. **NEGLIGENT MISREPRESENTATION**<br>4. **CONVERSION**<br>5. **UNJUST ENRICHMENT**<br>6. **DECLARATORY RELIEF** |

COMES NOW Plaintiff BRAD ROGERS, an individual (hereafter "Rogers"), and for its Complaint against ZA GROUP, INC., a corporation of Florida, formerly known as THE AUTOMOTICE RESOURCE NETWORK HOLDINGS, INC., and DOES 1-25, Inclusive, (hereafter "ZAAG") complains and alleges as follows:

## THE PARTIES

1.   Plaintiff BRAD ROGERS is an individual residing in the City of Carlsbad, County of San Diego, State of California.

2.  Rogers is informed and believes and based thereon alleges that Defendant ZA GROUP, INC., formerly known as THE AUTOMOTIVE RESOURCE NETWORK HOLDINGS, INC., is a corporation formed and existing under the laws of the State of Florida and has its principal place of business located at 1083 Tamiami Trail N, Naples, FL 34108. Rogers is further informed and believes that on to December 17, 2018, THE AUTMOTIVE RESOURCE NETWORK HOLDINGS, INC. changed its name to ZA GROUP, INC.

3.  Rogers is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE defendants are ascertained, Rogers will seek leave of the Court to amend its Complaint to allege their true names and capacities. Rogers is informed and believes, and upon such information and belief alleges that at all times mentioned herein, each of the DOE defendants was responsible, along with ZAAG. Rogers is further informed and believes and based thereon alleges that ZAAG and the DOE defendants, and each and every one of them, knowingly and willfully conspired and agreed among themselves or induced each other to commit the wrongful acts as set forth herein. These wrongful acts were done pursuant to and in furtherance of this conspiracy, agreement and/or inducement. Rogers is further informed and believes and based thereon alleges that certain individuals named at this time as DOE defendants and each of them, are responsible in some manner, by their acts and/or omissions, for the matters alleged herein. The wrongful acts alleged herein were done through their acts and/or omissions.

4.  Rogers is informed and believes and based thereon alleges that at all times mentioned herein, ZAAG and the DOE defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein.

Each of them is in some form or manner responsible for the conduct herein complained of, and Rogers' harm and damages are proximately caused by the conduct of each.

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. ZAAG is subject to the personal jurisdiction of this Court because Rogers is informed and believes and based thereon alleges that the ZAAG has committed and/or actively induced the improper acts complained of herein, and continues to do so, in this judicial district.

7. Rogers is informed and believes, and based thereon alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, in that, *inter alia*, the matters in controversy arise out of the activities undertaken in this judicial district and ZAAG is subject to the personal jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

8. On or around March 14, 2013, Rogers and ZAAG's then-CEO, Kathy Roberton, began discussing Rogers' purchase of shares in ZAAG. On that date, Ms. Roberton provided ZAAG's by-laws with regard to ZAAG's Series E Preferred Stock ("Series E Preferred"). Ms. Roberton represented to Rogers that any Series E Preferred that Rogers purchased would be subject to the rules, rights, and obligations set forth in the by-laws.

9. On or around March 21, 2013, Rogers purchased 500 shares of ZAAG's Series E Preferred through ZAAG's designated transfer agent, Securities Transfer Corp. ("STC"). The price per share was $2.50.

10. On or around April 5, 2013, ZAAG issued a share certificate to Rogers, which was signed by Ms. Roberton, and which reflected his ownership of 500 shares of ZAAG's Preferred E Stock.

11. Section 1.4 of the 2012 Designations provides provisions relating to conversion of Series E Preferred to Common Stock and anti-dilution. If a record owner of

Series E Preferred desires to effect such a conversion, he or she need only provide written notice to ZAAG, and the conversion will be deemed effective the following business day.

12. Pursuant to this Section 1.4, each share of Series E Preferred purchased at $2.50 per share shall convert to 250,000 shares of Common Stock.

13. On or around October 18, 2019, Rogers sent ZAAG written notice of his intent to convert his Series E Preferred shares to Common Stock. This notice was sent directly to ZAAG's CEO, John Morgan ("Morgan"). ZAAG's attorney responded to Rogers by refusing to recognize the conversion, claiming that the documents that Rogers provided to Morgan were fraudulent. Rogers is informed and believes that ZAAG specifically denies that the 2012 Designations were ever incorporated into ZAAG's by-laws.

14. Under the 2012 Designations, ZAAG should have converted Rogers' 500 shares of Series E Preferred to 125,000,000 shares of Common Stock.

15. As a result of ZAAG's refusal to convert Rogers' Series E Preferred shares to Common Stock, Rogers has been damaged in an amount to be proved at trial.

## FIRST CAUSE OF ACTION

(Breach of Contract)

16. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

17. Rogers and ZAAG entered into a written agreement, namely the 2012 Designations, whereby Rogers could, at any time, convert his Series E Preferred shares to common stock at a rate of 250,000 to 1. Rogers did in fact send written notice to ZAAG of his intent to convert.

18. ZAAG breached the agreement by refusing to convert Rogers' Series E Preferred Shares to Common Stock.

19. Rogers fully performed his duties and obligations pursuant to the agreement.

20. As a result of ZAAG's breach of the agreement, Rogers has been damaged in an amount to be proved at trial.

21. Alternatively, Rogers has an inadequate remedy at law for ZAAG's breach of contract, as the converted shares are unique and there is a lack of determinable market value. As such, Rogers is entitled to the remedy of specific performance.

**SECOND CAUSE OF ACTION**

(Intentional Misrepresentation)

22. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

23. ZAAG intentionally misrepresented to Rogers that it was contractually obligates to convert Rogers' Preferred E Shares into Common Stock.

24. ZAAG's deliberate refusal to convert Rogers' shares demonstrates that this representation was false.

25. This misrepresentation was material, as it induced Rogers to purchase the Preferred E Shares.

26. ZAAG knew that its representation was false.

27. ZAAG intended for Rogers to act upon this misrepresentation so that Rogers would purchase Preferred E Shares in ZAAG.

28. ROGERS, in reliance on the statements and corporate documents of ZAAG, was entitled to and justifiably did rely in good faith on ZAAG's representations as being true and correct.

29. Rogers relied upon ZAAG's representations as being true, and he paid ZAAG accordingly for the Preferred E Shares.

30. Rogers was justified in relying on ZAAG's representations that it would convert the Preferred E Shares into Common Stock.

31. As a direct and proximate result of ZAAG's actions, Rogers was damaged in an amount to be proven at trial.

32. Furthermore, ZAAG's actions exhibited a callous disregard for its obligations to its shareholder and were beyond appropriate norms of business and social conduct,

malicious, outrageous, and morally offensive and reprehensible. As a result, Rogers should also be awarded exemplary and punitive damages for the conduct of ZAAG.

## THIRD CAUSE OF ACTION

(Negligent Misrepresentation)

33. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

34. To the extent ZAAG did not intentionally misrepresent that it would convert Rogers' shares, it was negligent in the extreme in reaching such conclusions.

35. Further, ZAAG was negligent in failing to convert Rogers' shares.

36. Rogers relied upon ZAAG's representations that it would convert his shares upon receipt of duly provided notice.

37. Rogers was justified in relying on ZAAG's representations.

38. As a direct and proximate result of ZAAG's actions, Rogers was damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

(Conversion)

39. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

40. Upon the receipt of Rogers' notice to convert his Preferred E Shares into Common Stock, Rogers became the owner of 125,000,000 shares of ZAAG Common Stock.

41. At the time that ZAAG refused to convert Rogers' shares, ZAAG intentionally interfered with Rogers' rights as an owner of the converted shares of Common Stock.

42. Rogers was damaged as a direct and proximate result of those actions in an amount to be proven at trial.

43. Furthermore, ZAAG's actions exhibited a callous disregard for its obligations to its shareholder and were beyond appropriate norms of business and social conduct, malicious, outrageous, and morally offensive and reprehensible. As a result, Rogers should also be awarded exemplary and punitive damages for the conduct of ZAAG.

## FIFTH CAUSE OF ACTION

(Unjust Enrichment)

44. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

45. As part of their understanding, as memorialized in the various agreements entered into and documents provided at the time Rogers purchased his Preferred E Shares, the Parties agreed that ZAAG would convert Rogers Preferred E Shares into Common Stock upon its receipt of written notice from Rogers.

46. By refusing to convert Rogers' shares, Rogers is informed and believes that Defendants have experienced a pecuniary benefit, specifically that the refusal to convert has allowed Defendants to maintain a larger portion of ZAAG's Common Stock than they are entitled to.

47. Rogers was entitled to but did not receive the Common Stock.

48. Rogers was damaged as a direct and proximate result of these actions.

49. Rogers is entitled to recover the shares of Common Stock, or their monetary value, to be determined at trial by which Defendants were unjustly enriched.

## SIXTH CAUSE OF ACTION

(Declaratory Relief)

50. Rogers repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-16, above.

51. An actual, real and genuine controversy has arisen between Rogers and ZAAG regarding Roger's status as a shareholder of ZAAG.

52. Rogers contends that (a) he has been the record owner of 500 shares of Preferred E since March 21, 2013; and (b) that he has been the record owner of 125,000,000 shares of Common Stock since October 18, 2019. Rogers is informed and believes that ZAAG contends that Rogers has never been a shareholder.

53. Rogers therefore requests that the Court declare that Rogers has been the record owner of 125,000,000 shares of Common Stock since, at the latest, October 18, 2019.

**PRAYER FOR RELIEF**

WHEREFORE, Rogers respectfully prays for judgment against ZAAG as follows:

1. That this Court adjudge that ZAAG breached the written agreement by failing to convert Rogers' Series E Preferred Shares to Common Stock;

2. That this Court adjudge that ZAAG intentionally misrepresented the rights appurtenant to ownership of Series E Preferred shares, and that such misrepresentation was committed willfully;

3. That this Court adjudge that ZAAG negligently misrepresented the rights appurtenant to ownership of Series E Preferred shares;

4. That this Court adjudge that ZAAG's refusal to convert Rogers' Series E Preferred Shares to Common Stock constituted a conversion of Rogers' property, and that such conversion was committed willfully;

5. That this Court adjudge that Rogers is a record owner of 125,000,000 shares of ZAAG's common stock;

6. That this Court grant a preliminary injunction and thereafter a permanent injunction immediately ordering ZAAG to issue 125,000,000 shares of Common Stock to Rogers;

7. That this Court order that an accounting be had to determine Defendants' profits and the damages due to Rogers because of ZAAG's and unlawful activities;

8. That this Court order ZAAG to specifically perform in accordance with its obligations under the contract by issuing to Rogers the converted shares;

9. That this Court order disgorgement and/or restitution of Defendants' profits to Rogers;

10. For a judicial declaration that Rogers has been the record owner of 125,000,000 shares of Common Stock since, at the latest, October 18, 2019;

11. That this Court award Rogers his reasonable costs of suit;

12. That this Court award Rogers attorneys' fees in bringing this action to the extent they are available;

13. That this Court award Plaintiff punitive damages;

14. That this Court award Plaintiff pre- and post-judgment interest on its damages; and

15. That this Court award Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Brad Rogers hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

DATED: March 4, 2020  **BUSINESS LAW GROUP, PC**

/s/ Joseph A. Lara
Joseph A. Lara, Esq.
Attorneys for Plaintiff
Brad Rogers